Filed 1/23/14  Desert Valley Patients Assn. v. City of Rancho Mirage CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DESERT VALLEY PATIENTS ASSOCIATION, INC., et al., | |
| Plaintiffs and Respondents, | E057927 |
| v. | (Super.Ct.No. INC1100959) |
| CITY OF RANCHO MIRAGE et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  Reversed with directions.

Steven B. Quintanilla, City Attorney, and Nicholas E. Hermson and Garrett R. Behrens, Deputy City Attorneys.

Nathan A. Shaman and Jeffrey A. Lake, A.P.C. for Plaintiffs and Respondents.

Defendants City of Rancho Mirage and Randal K. Bynder (City) appealed by notice filed January 7, 2013, the minute order entered November 20, 2012, denying City's motion to strike the memorandum of costs filed by plaintiffs Desert Valley Patients Association, Inc. et al. (Patients).  Patients prevailed in their action for

1

declaratory relief and other remedies based on the trial court's determination that City's ordinances generally banning medical marijuana dispensaries, and the Patients' dispensary in particular, were preempted by state law. That determination was appealed in case No. E056260, which is itself the subject of a separate stipulation for reversal and opinion.

After the appellant's opening brief was filed on April 9, 2013, the California Supreme Court filed its opinion in *City of Riverside v. Inland Empire Patients Health & Wellness Center, Inc.* (2013) 56 Cal.4th 729 (*Inland*) on May 6, 2013, in which the court held that state law did not preempt a local ordinance banning facilities that distribute medical marijuana. (*Id.* at p. 762.) In response on June 11, 2013, the parties filed a "REQUEST AND STIPULATION TO VACATE JUDGMENT OF COSTS" (the stipulation). The stipulation asks in effect that Patients' memorandum of costs filed September 12, 2012, be stricken, as City requested in its motion filed September 19, 2012, which the trial court denied by the minute order appealed.

By order filed June 20, 2013, this court directed the filing of a letter memorandum of points and authorities responding to questions necessary to make the findings required for a reversal by stipulation of a superior court judgment, which reversal is achieved in this case by striking the memorandum of costs. (Code Civ. Proc., § 128, subd. (a)(8) (§ 128 (a)(8)).) A letter memorandum was filed July 10, 2013, showing good cause for striking the costs memorandum. This opinion decides this appeal pursuant to the parties' stipulation.

2

APPROVAL OF STIPULATED REVERSAL

To the stipulation we apply section 128 (a)(8), which provides in relevant part:

"An appellate court shall not reverse or vacate a duly entered judgment upon an

agreement or stipulation of the parties unless the court finds both of the following:  [¶]

(A) There is no reasonable possibility that the interests of nonparties or the public will be

adversely affected by the reversal.  [¶]  (B) The reasons of the parties for requesting

reversal outweigh the erosion of public trust that may result from the nullification of a

judgment and the risk that the availability of stipulated reversal will reduce the incentive

for pretrial settlement."

### 1.  *Effect on Nonparties and Public*

Regarding the first finding, we must consider how the interests of nonparties or the

public might be affected by the stipulation.  (§ 128 (a)(8)(A).)  Specifically, we must

inquire whether there is a "reasonable possibility that the interests" of a nonparty would

be "adversely affected by . . . reversal."  (Ibid.)

In this case the California Supreme Court has decided in *Inland* how the interests

of nonparties and the public should be affected, and striking the costs memorandum

merely implements the *Inland* decision by giving effect to the change in the prevailing

party from Patients to City resulting from the application of the *Inland* decision.

Furthermore, the final effect on the interests of parties, nonparties, and the public has yet

to be determined, because further litigation in the superior court will be required to

adjudicate the issues raised by Patients' first cause of action against City, and costs will

3

be awarded to the prevailing party, which may yet again change. Thus, the stipulation itself has little effect because the stipulation is not for a final judgment in the case, and whatever effect the stipulation ultimately has, that effect was ordained by the California Supreme Court.

We conclude that there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the stipulated reversal.

### 2. *Reasons for Stipulated Reversal*

Regarding the second, two-pronged finding weighing the reasons for reversal against the effect on public trust and pretrial settlement (§ 128 (a)(8)(B)), we must first identify the parties' reasons for preferring stipulated reversal over dismissal.

Here the reason for the stipulation is that dismissal would leave the memorandum of costs still in effect, and reversal is the only way to implement the law as laid down in *Inland*, which makes City the prevailing party thus far. Additionally, the stipulation avoids the delay and expense of continuing on to a result in this court that has already been determined by the California Supreme Court's decision in *Inland*.

### 3. *Erosion of Public Trust*

Taking first the issue of the erosion of public trust and postponing consideration of the effect on pretrial settlement incentives, public trust is eroded by a stipulated reversal when it appears that through settlement one party has paid off the other to obtain the particular result from the appellate court that the payor desired—the condemnation of the trial court's judgment implied by the reversal. This reflects poorly on both courts

4

implying that the trial court erred and that the appellate court's reversal was groundless. (See *Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 287, 293-294, dis. opn. of Kennard, J.)

But that is not the situation here, where the prevailing party determination has been changed because of the condemnation of the judgment implied by the California Supreme Court's holding in *Inland*. Thus, the reversal is not groundless, and there is no erosion of public trust in this case. Therefore, we find that significant reasons for the stipulated reversal outweigh the negligible possibility of the erosion of the public's trust in the judiciary.

### 4. *Disincentive for Pretrial Settlement*

As the final task required by section 128 (a)(8), and subdivision (B) in particular, we must weigh the reasons for stipulating to reverse against "the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." The concern is that parties will avoid settling a case before the trial court decides it because the parties know they can appeal and then settle for a stipulated reversal of the disliked ruling. Pretrial settlement is, of course, more economical than settlement on appeal. (See *Neary v. Regents of University of California*, *supra*, 3 Cal.4th at pp. 288-291, dis. opn. of Kennard, J.)

The striking of the memorandum of costs does not implement a settlement by the parties; rather, the striking of the costs memorandum implements the decision in *Inland*. Furthermore, pretrial settlement should not necessarily be encouraged when genuine

issues of law of statewide significance, such as preemption of local regulation by state law, are involved.  Therefore, we find that the reasons for stipulated reversal outweigh the disincentive for pretrial settlement in this case.

We have completed the task set by section 128 (a)(8), and find that stipulated reversal is appropriate in this case.

## DISPOSITION

Pursuant to the stipulation, the memorandum of costs is stricken.

In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)  The remittitur shall issue on or after 60 days after the filing date of this opinion, unless the parties stipulate in writing to the earlier issuance of the remittitur.  (Cal. Rules of Court, rules 8.264(b)(1), 8.272(a), (b), (c)(1).)


RAMIREZ                        
P. J.

We concur:


McKINSTER              
J.


CODRINGTON              
J.

6